

**IT IS ORDERED as set forth below:**

**Date: April 9, 2026**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **DOROTHY JEAN SESSIONS,** | : | CASE NO. **25-11703-PMB** |
| | : | |
| Debtor. | : | CHAPTER 7 |
| | : | |
| **1ST FRANKLIN FINANCIAL CORP.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | ADVERSARY PROCEEDING |
| v. | : | |
| | : | NO. **26-1001** |
| **DOROTHY JEAN SESSIONS,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER GRANTING IN PART AND DENYING**
**IN PART DEBTOR'S MOTION TO DISMISS COMPLAINT**

On January 20, 2026, the Plaintiff named above, 1st Franklin Financial Corp. (the

"Plaintiff"), filed a *Complaint* against the Debtor-Defendant Dorothy Jean Sessions (the

"Debtor") seeking a determination that an obligation it holds against the Debtor should be declared nondischargeable based on four (4) unnumbered grounds for relief (Docket No. 1)(the "Complaint").   In the Complaint, the Plaintiff first alleges that the Debtor violated various provisions of 11 U.S.C. § 523(a)(2) in connection with a loan agreement entered on September 16, 2025 (the "Loan Agreement") with a face amount (amount financed) of $9,005.01 (the "Loan").   *See* Exhibit "A", attached to Complaint.

The Plaintiff contends that the Debtor pledged certain personal property as collateral (the "Collateral") for the Loan, which she valued at $11,400.   According to the Plaintiff, the Debtor falsely represented that she had possession of such property on which the Plaintiff claims it reasonably relied in lending money to the Debtor.   Further, the Plaintiff contends the Debtor falsely represented in the Loan Agreement that the items comprising the Collateral were all in working condition when in fact, as she allegedly testified during her Section 341 Meeting of Creditors, many items were missing or stolen or were not in operable condition.   Based on these allegations, the Plaintiff asserts that the Debtor violated 11 U.S.C. § 523(a)(2)(B).

The Plaintiff further alleges that the Debtor violated 11 U.S.C. § 523(a)(2)(A) by making false representations in connection with the Loan by either omission or actual fraud for the purpose of defrauding the Plaintiff.   The Plaintiff adds that the funds it lent the Debtor exceeded the amount of $1,250 and are a cash advance (the "Advance") presumed nondischargeable under 11 U.S.C. § 523(a)(2)(C)(II) [*sic*] as an extension of consumer credit under an open-ended credit plan within seventy (70) days of filing this case. Finally, the Plaintiff asserts that the Debtor willfully and maliciously injured its interests

by fraudulently transferring items of the collateral to a third party under 11 U.S.C. § 523(a)(6).   Based on these grounds for relief, the Plaintiff seeks an order declaring that the Debtor's obligation in the amount of $8,400.09[1] is excepted from discharge herein (the "Obligation").

On January 31, 2026, the Debtor filed an *Answer and Counterclaim* (Docket No. 4), that contained a request for dismissal of the Complaint (the "Dismissal Request") under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), as applied herein through Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7012(b).[2]   In addition, the Debtor moves for entry of an award of attorneys' fees and costs under 11 U.S.C. § 523(d) alleging that the

---

[1] The Plaintiff does not explain why it seeks only the amount of $8,400.09 as an exception to discharge as compared to the total amount of the Loan in the amount of $9,005.01.   Presumably that is what remains unpaid of the original amount.

[2] F.R.C.P. 12 provides in pertinent part as follows:

> **(b)** How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> ….
> **(6)** failure to state a claim upon which relief can be granted….
>
> A motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Federal Rule of Civil Procedure 12(b)(emphasis supplied).   "Motions should not be combined with complaints or answers [as a] motion is not a pleading, Fed.R.Civ.P. 7(a) (Fed. R. Bankr.7007)." *In re Holtzclaw*, 2009 WL 6499262, at *1 (Bankr. N.D. Ga. July 22, 2009).   The language of this Rule, and the difficulty in attempting to track such a motion in a pleading, can serve as grounds for denying such a motion, like the Dismissal Request, based on its timing relative to the Answer in not preceding it.   *Holtzclaw, supra*. To facilitate prompt consideration of this matter, however, the Court will address the Dismissal Request. *See generally In re McDonald*, 500 B.R. 208, 210 (Bankr. N.D. Ga. 2013), citing *Nat'l Voice Comm., Inc. v. Federal Transtel, Inc.,* 2001 WL 460867 (N.D.Tex. Apr. 30, 2001), *citing* 5C Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1361 (2d ed. 1990)(motion to dismiss may be considered timely if filed simultaneously with answer).

Complaint is not substantially justified.   The Plaintiff filed its *Answer to Counterclaim* on February 5, 2026 (Docket No. 5) in opposition to the Dismissal Request.

The Court also entered an *Order and Notice of Rule 26(f) Conference* on March 16, 2026, directing the parties to conduct a Rule 26(f) Conference and file a joint report on or before April 14, 2026. (Docket No. 6)(the "Order and Notice").   The parties filed their *Report of Rule 26(f) Conference* on April 3, 2026 (Docket No. 8)(the "Rule 26(f) Report").

### Standard of Review for Dismissal[3]

Dismissal of a complaint is appropriate under F.R.C.P. 12(b)(6) if it fails "to state a claim upon which relief can be granted."   This rule is viewed through F.R.C.P. 8(a), which requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."   *See* F.R.C.P. 8(a)(2) and F.R.B.P. 7008.   Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.'"[4]   In addition, pursuant to F.R.C.P. 9(b), applicable through F.R.B.P. 7009, fraud must be pled with particularity and, although malice and intent may be alleged generally, facts regarding time, place, and content of any alleged misrepresentations must be provided.[5]

---

[3] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoted in *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp.2d 1361, 1364 (S.D. Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

[5] *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 833 (11th Cir. 2003); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997); *Eden v. Eden (In re Eden)*, 584 B.R. 795, 803-04 (Bankr. N.D. Ga. 2018).

Evaluating a motion to dismiss, the Court's inquiry is limited "to the legal feasibility of the complaint and whether it contains facts and not just labels or conclusory statements." *In re Lafayette*, 561 B.R. 917, 922 (Bankr. N.D. Ga. 2016).[6]  The Court "must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face*." In re American Berber, Inc.*, 625 B.R. 125, 128 (Bankr. N.D. Ga. 2020)(citations omitted); *see also In re Adetayo*, 2020 WL 2175659, \*1 (Bankr. N.D. Ga. May 5, 2020), citing *Ashcroft, supra*, 556 U.S. at 678, quoting *Twombly, supra*, 550 U.S. at 570.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, *supra*, 556 U.S. at 679.   A claim has "facial plausibility" when the facts alleged permit a reasonable inference that the defendant is liable on the grounds asserted.  *Bank of Am. v. Seligman (In re Seligman)*, 478 B.R. 497, 501 (Bankr. N.D. Ga. 2012)(citations omitted).

When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"   *Ashcroft, supra*, 556 U.S. at 679, quoting F.R.C.P. 8(a)(2). In addition, dismissal is proper "when, on the basis of a dispositive issue of law, no

---

[6] Although the pleading rules do not require "detailed factual allegations," a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly, supra*, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft*, *supra*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 557.   A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under a viable legal theory." *Almanza, supra*, 851 F.3d at 1066.

construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### Discussion

In the Dismissal Request, the Debtor explains why she believes that the Plaintiff's four (4) causes of action are insufficient to state claims upon which relief can be granted as asserted on grounds of nondischargeability of debt.

### *Standard Under 11 U.S.C. § 523(a)(2)(A)*

The Plaintiff alleges that the Loan Agreement supporting the Obligation was induced by fraud and is thus nondischargeable under 11 U.S.C. § 523(a)(2)(A). This exception provides that "a discharge ... does not discharge ... any debt ... (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).[7] A debt is excepted from discharge when it occurs "in relation to the commission of 'positive or actual fraud involving moral turpitude or intentional wrongdoing.'" *Invest Atlanta Reg'l Center, LLC v. Smith (In re Smith)*, 578 B.R. 866, 875 (Bankr. N.D. Ga. 2017)(citations omitted). Further, "'legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient.'" *Id.* at 876 (citations omitted).

---

[7] Based on the presumption under 11 U.S.C. § 727(b) that all debts are dischargeable, a party contending to the contrary under an exception to dischargeability bears the burden of proof and must establish its claim by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287-88, 291 (1991).

To succeed on a claim under Section 523(a)(2)(A), a creditor must show that the debtor "'obtained money, property or credit from the Plaintiff: (1) by false representation, pretense, or fraud; (2) knowingly made or committed; (3) with the intent to deceive or to induce acting on same; (4) upon which the Plaintiff actually and justifiably relied; and (5) from which the Plaintiff suffered damages, injury or loss as a proximate result.'" *Id.* at 876 (citations omitted). Proof of false representation under Section 523(a)(2)(A) requires "more than an alleged representation by a debtor of an intent to perform a certain action in the future." *Smith*, *supra*, 578 B.R. at 876, citing *Wells Fargo Bank, N.A. v. Farmery (In re Farmery)*, 2014 WL 2986630, *2 (Bankr. N.D. Ga. Apr. 11, 2014)(other citations omitted).

Rather, it must be shown that "at the time when the Debtor entered" into the agreement at issue, he "either knew that [he] lacked the ability" to pay the Plaintiff "or that [he] had no intent" to pay. *See Smith*, *supra*, 578 B.R. at 876, citing *Bropson v. Thomas (In re Thomas)*, 217 B.R. 650, 653 (Bankr. M.D. Fla. 1998); *American Surety & Cas. Co. v. Hutchinson (In re Hutchinson)*, 193 B.R. 61, 65 (Bankr. M.D. Fla. 1996). In addition, "an inability to pay in and of itself does not support an inference that the Debtor never intended" to perform. *Smith, supra*, 578 B.R. at 877, citing *Farmery*, *supra*, at *2. "'Because a debtor is unlikely to testify directly that his intent was fraudulent, the courts may deduce fraudulent intent from all the facts and circumstances of a case.'" *In re Butler*, 277 B.R. 843, 849 (Bankr. M.D. Ga. 2002), quoting *Devers v. Bank of Sheridan, Montana (In re Devers),* 759 F.2d 751, 754 (9th Cir. 1985); *see also In re Johnson*, 2023 WL 5156369, at *3 (Bankr. N.D. Ga. Aug. 10, 2023).

Moreover, as this Court has previously noted based on United States Supreme Court precedent regarding application of this discharge exception:

> …it is not necessary for the Plaintiffs to allege the Debtor made a false statement regarding the fraudulent transfers or assets transferred, or entered into an agreement on which the Plaintiffs relied to their harm, to assert a plausible claim for relief under Section 523(a)(2)(A) since this discharge exception must be construed more broadly.  As held by the United States Supreme Court, "'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359 (2016).  *See also In re Vandeford*, 2015 WL 1736486, at *2 (Bankr. N.D. Ga. Apr. 13, 2015)(citations omitted)(under this exception, 'actual fraud' reaches any attempt by someone to trick, cheat, or gain an unfair advantage over another to their detriment)....  In cases such as these, "the fraudulent conduct is not in dishonestly inducing a creditor to extend a debt.  It is in the acts of concealment and hindrance." *Husky*, *supra*, 578 U.S. at 362.

*In re Balagamwala*, 2025 WL 3716958, at *4 (Bankr. N.D. Ga. Dec. 22, 2025).  The rule of decision in *Husky* has been further clarified by the Eleventh Circuit.[8]

Upon review of the allegations in the Complaint, the Plaintiff has asserted a sufficiently plausible claim to support relief.  From the allegations, it appears that the

---

[8] As this Court has further noted:

> First, in the case of *In Re Gaddy*, 977 F.3d 1051, 1057 (11th Cir. 2020), in contrast to the facts in *Husky*, the Eleventh Circuit was careful to draw a distinction between the fact that the transferor-debtor in *Gaddy already* owed the creditor via a loan guaranty, and the allegation that the debtor fraudulently transferred assets to frustrate its collection did not convert the underlying obligation into a debt obtained by fraud. Subsequently reviewing both *Husky* and *Gaddy*, *supra*, in *PRN Real Estate & Inv., Ltd. v. Cole*, 85 F.4th 1324, 1346 (11th Cir. 2023), the Eleventh Circuit concluded that "[i]n short, the [Supreme] Court agreed that § 523(a)(2)(A) cannot apply to the party who fraudulently transferred money because his debt preexisted the fraud." However, "while it 'may be rare,' *id.*, § 523(a)(2)(A) can apply to the party who received the money because his debt resulted from the fraudulent transfer." *PRN Real Estate*, *supra*, citing *Husky, supra*, 578 U.S. at 365.

*Balagamwala, supra*, 2025 WL 3716958, at *4.

elements of Section 523(a)(2)(A) can be proven insofar as that the Debtor intentionally concealed the true state of the Collateral in terms of her possession or its condition in connection with her efforts to obtain the Loan.

Many of the arguments advanced by the Debtor, such as that the Plaintiff did not ask about the state of the Collateral, that such items were listed in prior notes and renewal agreements, that it did not rely on such 'boilerplate language,' and that the Loan was not in default and was not renewed as an alternative to collection, are more in the nature of disputes of fact than showing the failure to plead a claim.   The Dismissal Request will be denied as to this claim for relief.

*Standard Under 11 U.S.C. § 523(a)(2)(B)*

An exception to discharge is provided under 11 U.S.C. § 523(a)(2)(B) for any debt "'for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by' a written statement: '(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.'"   *Matter of Coker*, 569 B.R. 521, 530 (Bankr. S.D. Ga. 2017), citing 11 U.S.C. § 523(a)(2)(B).   Thus, for a debt to be declared nondischargeable under Section 523(a)(2)(B):

> a creditor must prove by a preponderance of the evidence that the debtor owes the creditor a debt for money, property, or the extension of credit that was obtained by the debtor through the use of: (1) a written statement; (2) the written statement was materially false; (3) the written statement concerns the debtor's financial condition; (4) the plaintiff reasonably relied on the statement; and (5) the debtor published the writing with the intent to deceive the plaintiff.

*In re Anzo*, 547 B.R. 454, 465 (Bankr. N.D. Ga. 2016), citing *Bank of N. Ga. v. McDowell* (*In re McDowell*), 497 B.R. 363, 369 (Bankr. N.D. Ga. 2013).

Here, the Debtor's argument that the written Loan Agreement did not contain, and that the Plaintiff did not require, a contemporaneous account of the Debtor's financial condition or identification of the Collateral with assigned values again goes more to the existence of a disputed issue of fact than whether a plausible claim has been alleged at all. Along with the other elements of Section 523(a)(2)(B), this factual issue can be further developed through discovery.   *See generally Anzo, supra*.   The Dismissal Request is also denied as to this claim for relief.

*Standard Under 11 U.S.C. § 523(a)(6)*

Under 11 U.S.C. § 523(a)(6), debt for a willful and malicious injury by debtor against an entity or its property may be excepted from discharge.   "A willful and malicious injury under § 523(a)(6) 'is confined to acts, such as intentional torts, done with an actual intent to cause injury as opposed to acts done intentionally that result in injury.'" *Cox v. Corona (In re Corona)*, 657 B.R. 554, 567 (Bankr. N.D. Ga. 2024)(citations omitted). Here, the Plaintiff must allege and prove sufficient facts establishing the occurrence of "an 'intentional act the purpose of which [was] to cause injury or which [was] substantially certain to cause injury'" to a known property interest held by the Plaintiff.   *In re Kane*, 755 F.3d 1285, 1293 (11th Cir. 2014), quoted in *Monson v. Galaz (In re Monson)*, 661 F. App'x 675, 683 (11th Cir. Nov. 21, 2016);   *see also In re Gaddy*, 977 F.3d 1051, 1058-59

10

(11th Cir. 2020).[9]   In addition, it must be shown that Debtor's actions were wrongful and without just cause and that the resulting injury to Plaintiff was malicious.   *Monson, supra,* 661 F. App'x at 684.

An intentional breach of contract is typically not enough to support relief under Section 523(a)(6) although the intentional destruction of collateral can satisfy this test.   In addition, the fraudulent conveyance of assets to defeat a creditor's collection efforts will ordinarily not be sufficient when the original, underlying debt was incurred before the conveyance(s) at issue.   *Gaddy, supra*, 977 F.3d at 1058-59, distinguishing *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1331-34 (11th Cir. 2012).   On review, it appears that the allegations of willful and malicious injury in Paragraphs 18 and 19 could be more in the nature of those described in *Jennings*.

These facts need to be pled, however, with more particularity to support a claim under Section 523(a)(6), especially in terms of the timing of the challenged transfers or operability of the Collateral in connection with the making of the Loan.   If properly alleged and proven to have occurred to cause the Plaintiff to make the Loan, along with evidence of intent, such facts could support a finding under Section 523(a)(6).   Thus, the

---

[9] A willful and malicious injury is limited to acts, like intentional torts, which are made with the actual intent to cause injury as distinguished from intentional acts that result in injury.   *See Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *see also Hope v. Walker (In re Walker)*, 48 F.3d 1161 (11th Cir. 1995); *Fulton Medical Ctr. v. Demps (In re Demps)*, 506 B.R. 163, 172 (Bankr. N.D. Ga. 2014). Reckless conduct resulting in injury and characterized by a complete lack of care or conscious indifference to the result does not meet the required legal standard.   Under Section 523(a)(6), a debtor must intend the injury caused by his actions and does not address a debtor's failure to meet a duty of care that leads to the injury.   *In re Bryan*, 2019 WL 654168, at *2 (Bankr. N.D. Ga. Feb. 15, 2019).

Dismissal Request will be granted as to this claim for relief, with an opportunity for the

Plaintiff to replead.

*Standard Under 11 U.S.C. § 523(a)(2)(C)(i)(I) & (II)*

Finally, 11 U.S.C. § 523 provides a presumption of nondischargeability as follows:

> **(C)(i)** for purposes of subparagraph (A)—
>
> **(I)** consumer debts owed to a single creditor and aggregating more than $900 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and
>
> **(II)** cash advances aggregating more than $1,250 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable….

11 U.S.C. § 523(a)(2)(C)(i)(I) & (II).   Citing *FIA Card Services, N.A. v. Arthur G. Pelchat, Sr.*, Adversary Proceeding No. 11-5698 (Bankr. N.D. Jan. 7, 2014)(Diehl, J.), the Debtor

disputes that the Advance was a consumer debt that qualifies as a cash advance for luxury

goods or services.   On review, it appears that in Paragraphs 14 and 15, the Plaintiff has

combined these two sub-provisions such that it is not clear under which it is proceeding

and whether it is alleging that luxury goods were obtained by the Debtor.   The Complaint

also does not state what goods or services were in fact purchased or obtained and warrants

further factual development.   The Dismissal Request will also be granted as to this claim

for relief but, again, with an opportunity to replead.

## Conclusion

Based on the foregoing discussion, it is

**ORDERED** that the Dismissal Request is **GRANTED IN PART AND DENIED IN PART**.[10]  It is further

**ORDERED** that the claims in the Complaint under 11 U.S.C. § 523(a)(6) and 11 U.S.C. § 523(a)(2)(C)(i)(I) & (II) are **DISMISSED**, subject to the opportunity to replead that follows.   It is further

**ORDERED** that the Plaintiff is allowed **twenty-one (21) days** from entry of this Order to amend or supplement the claims for relief in its Complaint relating to 11 U.S.C. § 523(a)(6) and 11 U.S.C. § 523(a)(2)(C)(i)(I) & (II) and if it does so, the Debtor is allowed **twenty-one (21) days** thereafter to file her amended answer or other responsive pleading to the Complaint as so amended.   In view of same, it is further

**ORDERED** that if the Complaint is amended as permitted herein, an amendment to the Rule 26(f) Report will also be permitted as needed on request.

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiff, counsel for the Debtor, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

[10] The Court also finds the Debtor's claim for fees and costs under Section 523(d) to be premature but that it may be raised later as warranted.